**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Tyjon FLETCHER, Appellant.**

**No. 1336 EDA 2011.**

Superior Court of Pennsylvania.

Submitted Feb. 6, 2012.
Filed April 4, 2012.

Susan Hutnik, Public Defender, Easton, for appellant.

John M. Morganelli, Assistant District Attorney, Easton, for Commonwealth, appellee.

BEFORE: BOWES, OLSON and PLATT,* JJ.

OPINION BY OLSON, J.:

Appellant, Tyjon Fletcher, appeals from the judgment of sentence entered October 1, 2010, committing him to a term of 36 to 72 months' incarceration, and probation,

for convictions on robbery, conspiracy to commit robbery, theft by unlawful taking, receiving stolen property, two counts of terroristic threats, and two counts of simple assault.[1] We affirm.

The record reveals the relevant factual and procedural background of this matter as follows:

On August 20, 2009, authorities from the Easton Police Department arrested and charged Appellant with the aforementioned crimes based upon the assault and robbery of a couple as they left a minimart in Easton, Pennsylvania. The trial court commenced a jury trial August 2, 2010.

During the course of the trial, Appellant testified as to his version of the events in question. Appellant did not testify as to his personal character or reputation. Nevertheless, on cross-examination, the District Attorney asked Appellant about his prior criminal record. Specifically, the relevant exchange went as follows:

Commonwealth: Mr. Fletcher—

Appellant: Yes.

Commonwealth:—this is not your first robbery; is it?

Appellant's Counsel: Objection, your Honor. May we approach?

Trial Court: You may.

N.T., 8/3/2010, at 90.

The trial court briefly excused the jury and heard argument on Appellant's objection. Appellant argued that, given that he had not placed his character and reputation at issue during direct examination, the Commonwealth's introduction of evidence with regard to his prior offenses violated 42 Pa.C.S.A. § 5918, which restricts the

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. § 3701; 18 Pa.C.S.A. § 903; 18 Pa.C.S.A. § 3921; 18 Pa.C.S.A. § 3925; 18 Pa.C.S.A. § 2706, and 18 Pa.C.S.A. § 2701.

Commonwealth's ability to inquire into a defendant's criminal history. *See infra.* On that basis, Appellant's counsel moved for a mistrial.

The trial court took a brief recess to consider the applicable law. When the trial resumed, the trial court sustained Appellant's objection, but denied his motion for a mistrial. When the jury returned to the courtroom the trial court issued the following cautionary instruction:

> ... I want to instruct you that evidence of prior conduct is not admissible in cross-examination. It's just not relevant. It has no probative value, essentially because it may suggest a propensity to engage in the conduct that is before you today. And that is not a fair propensity to the [Appellant].

> It is more important for you to hear his story and his version of the facts. What his prior acts may or may not have been at this point, has nothing to do with what's before you today. We are going to look at what the evidence is today, and without more.

> I am going to instruct you to disregard that question, ignore that question. There's no implication that I want you to draw from it against the [Appellant]. The [Appellant], as he sits here, is presumed to be innocent, unless you find him otherwise. And the question about his prior behavior, whether or not it is relevant or not, may be a question for a later day. But for today, you are only to determine what conclusion you wish to draw from the evidence that's been presented to you today, and not as a

result of any inference or any implication about any prior conduct.

N.T., 8/2/2009, at 99–100.

The jury later found Appellant guilty of all of the charges and the trial court sentenced Appellant to an aggregate of 36 to 72 months' incarceration, and probation. This timely appeal followed.[2]

Appellant presents one issue for appeal:

> Whether the trial court erred in refusing to grant a mistrial where the Commonwealth improperly brought Appellant's prior criminal record to the attention of the jury in violation of 42 Pa.C.S.A. § 5918?

Appellant's Brief at 7.[3]

 Our review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. *See Commonwealth v. Simpson,* 562 Pa. 255, 754 A.2d 1264, 1272 (2000). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias or ill-will, discretion is abused. *Commonwealth v. Widmer,* 560 Pa. 308, 744 A.2d 745, 753 (2000). A trial court may grant a mistrial only

> where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are

---

**2.** The requirements of Pennsylvania Rule of Appellate Procedure 1925 have been satisfied in this matter. We note that Appellant's concise statement pursuant to Rule 1925 raises five issues for appeal. Appellant's brief in support of appeal, however, addresses only one of those issues. Consequently, Appel-

lant's other four issues are waived. *See* Pa. R.A.P. 2119(a).

**3.** We note that the Commonwealth did not file a brief in opposition to appeal. Nevertheless, we are able to resolve this appeal based upon the record before us.

adequate to overcome any possible prejudice.

*Simpson,* 754 A.2d at 1272 (internal citation omitted).

■ Appellant in this case claims that the trial court erred in not granting a mistrial based upon an alleged violation of 42 Pa.C.S.A. § 5918. Section 5918 establishes a proscription against questioning a criminal defendant regarding his or her criminal history except in two specific circumstances. Specifically, Section 5918 reads as follows:

### Examination of defendant as to other offenses

No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:

(1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or

(2) he shall have testified at such trial against a codefendant, charged with the same offense.

42 Pa.C.S.A. § 5918.

■ In this matter, Appellant argues that because neither of the enumerated exceptions applies, the Commonwealth's question regarding his prior robbery conviction violated Section 5918, and therefore entitles him to a new trial. Appellant's

Brief at 10–13. Appellant's argument does not attempt to articulate unfair prejudice resulting from the improper question, but instead argues that, "Pennsylvania case law is abundantly clear that the improper questioning of criminal defendants as to their prior record is *not* harmless but instead constitutes reversible error mandating a new trial." *Id.* at 10 (emphasis in original). In other words, based upon Appellant's interpretation, any violation of Section 5918 entitles a defendant to a new trial. *Id.* Appellant's interpretation is incorrect.

To the contrary, we have expressly held that:

[o]rdinarily, admission of testimony which describes, or from which the jury may infer, past criminal conduct by a defendant constitutes reversible error. **However, not all such references warrant reversal.** An isolated passing reference to prior criminal activity will not warrant reversal unless the record indicates that prejudice resulted from the remark. **There is no *per se* rule which requires a new trial for every passing reference to prior criminal conduct.** Additionally, the possible prejudicial effect of a ... reference to prior criminal conduct ... may, under certain circumstances, be removed by a cautionary instruction.

*Commonwealth v. Maute,* 336 Pa.Super. 394, 485 A.2d 1138, 1143 (1984) (emphasis added) (internal citations omitted).

In this matter, we do not believe that the trial court's denial of a mistrial resulted in an abuse of discretion. Initially, because the trial court sustained Appellant's objection and did not force him to answer the question, it is not clear that the question at issue violated Section 5918.

Indeed, the plain language of Section 5918 acknowledges that, in the event that such questions are asked, they should not be answered. *See* 42 Pa.C.S.A. § 5918 ("or if [an improper question is] asked, [the defendant] shall [not] be required to answer.").[4] Given that the plain language of the statute anticipates such occasions, the fact that the question was asked does not automatically entitle Appellant to a mistrial.[5]

■ Furthermore, even if the question at issue in this matter violated Section 5918, that violation did not result in prejudice warranting the grant of a mistrial. To the contrary, this case involved a two-day jury trial with multiple witnesses, including the un-contradicted eyewitness testimony detailing Appellant's involvement in the robbery. Overall, the evidence presented at trial overwhelmingly established Appellant's guilt and significantly outweighed any prejudice resulting from the reference to Appellant's prior criminal activity. Additionally, following resolution of Appellant's objection to the question referencing his prior robbery, the trial court issued a lengthy curative instruction. Pennsylvania juries are presumed to follow such instructions. *See Commonwealth v. Laird,* 605 Pa. 137, 988 A.2d 618, 629 (2010).

4. To be clear, we emphasize that our interpretation of Section 5918 should in no way be read as permission to ask improper and potentially prejudicial questions. However, we acknowledge that the plain language of Section 5918 recognizes that there are instances where such questions will be asked, but should not be answered.

5. Indeed, Appellant's argument in this regard largely relies upon the Supreme Court of Pennsylvania's holdings in *Commonwealth v. Barron,* 438 Pa. 259, 264 A.2d 710 (1970) and *Commonwealth v. Garcia,* 551 Pa. 616, 712 A.2d 746 (1997). In both of those cases, over

Consequently, we hold that the trial court did not abuse its discretion when it denied Appellant's motion for a mistrial.

Judgment of sentence affirmed.

the defendant's objection, the trial court improperly permitted cross-examination regarding the defendant's prior criminal record. On appeal, in both instances the Supreme Court focused on the damaging effects of the improper cross-examination, and consequently granted the defendants' request for a mistrial. *See Garcia,* 712 A.2d at 749; *Barron,* 264 A.2d at 712. In this case, however, the trial court sustained Appellant's objection. As a result, this matter does not involve improperly admitted and prejudicial cross-examination such as was present in the precedent relied upon by Appellant.