J-S12017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIX GARZON, | |
| Appellant | No. 492 EDA 2014 |

Appeal from the Judgment of Sentence Entered July 19, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004545-2011

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 04, 2015**

Felix Garzon ("Appellant") appeals from the judgment of sentence entered on July 19, 2013, following a jury trial.[1]  We affirm.

Referring to an incident that occurred on July 3, 2011, four-year-old N.G. told her mother and a police officer that Appellant hurt her by putting his mouth on her genitalia.  The same day, medical personnel at A.I. DuPont

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  Appellant purports to appeal from the "[d]enial of [his] Motion for Post-Sentence Relief entered on November 25, 2013."  Appellant's Brief at 2. However, "the order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal.  Thus, the appeal is taken from the judgment of sentence not the order denying post-sentence motions."  **Commonwealth v. Houtz**, 982 A.2d 537, 537 n. 1 (Pa. Super. 2009) (quoting **Commonwealth v. Rabold***, 920 A.2d 857, 858 n. 1 (Pa. Super. 2007)).  We have corrected the appeal paragraph accordingly.

Hospital collected N.G.'s underwear and used a rape kit to obtain DNA evidence.

Appellant was arrested and proceeded to a jury trial on April 15, 2013. At trial, N.G. testified to the sexual assault. Additionally, N.G.'s mother and the responding police officer testified to N.G.'s prompt complaint. N.G.'s twenty-two-year-old twin aunts, V.R. and S.R., testified that Appellant had sexual contact with them when they were preteens. The jury also heard forensic evidence that DNA matching Appellant's was found in the crotch panel of N.G.'s underwear.

The jury convicted Appellant on April 19, 2013, of involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, indecent assault of persons less than thirteen years of age, endangering welfare of children, corruption of minors, aggravated indecent assault–complainant less than thirteen years old, and aggravated indecent assault without consent. The trial court sentenced Appellant on July 19, 2013, to incarceration for an aggregate term of twenty-seven and one-half to fifty-five years. Appellant filed a post-sentence motion on July 29, 2013, which the trial court denied on November 25, 2013. This appeal followed.[2] Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[2] The record indicates that Appellant filed an unopposed application to file a direct appeal *nunc pro tunc* on January 9, 2014. The trial court granted the application on January 13, 2014, and Appellant filed the instant appeal on February 7, 2014.

We note that, although Appellant raised four issues in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, he presents only one issue on appeal:

> Whether the trial court erred in denying Appellant's Motion for Mistrial after a law enforcement officer stated that he collected a saliva sample for DNA testing from the Appellant in Chester County Prison?

Appellant's Brief at 3.

"A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa. 2013) (citation omitted). In reviewing the denial of a motion for a mistrial, an appellate court's standard is abuse of discretion. *Commonwealth v. Bryant*, 67 A.3d 716, 728 (Pa. 2013) (citation omitted). "Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice." *Commonwealth v. Fletcher*, 41 A.3d 892, 894–895 (Pa. Super. 2012) (citation omitted).

At the heart of Appellant's challenge is the following exchange between the assistant district attorney and the investigating police officer:

> [Assistant District Attorney]: Were you involved in the collection of any other evidence for DNA purposes in this case from anyone else?
>
> [Officer Lindenlauf]: Yes.

> [Assistant District Attorney]: Okay. And what was it that you did in that case?
>
> [Officer Lindenlauf]: I collected DNA from [Appellant] at Chester County Prison.

N.T., 4/16/13, at 151–152. Defense counsel immediately objected, the jury was removed, and the trial court asked defense counsel if she wanted to request a mistrial or a curative instruction. *Id.* at 152, 154–155. After discussing the situation with Appellant, defense counsel moved for a mistrial on the basis that Officer Lindenlauf mentioned Appellant was incarcerated when the officer obtained his DNA sample. *Id.* at 155. The trial court denied the motion but gave the following curative instruction to the jury:

> Members of the jury, when we were going through the selection process and in my opening comments to you, I indicated that the fact that the defendant was arrested and charged with the crime is no evidence whatsoever against him, may not and must not be considered as evidence against him. And that your job in this case is to decide whether on July 3rd, 2011 something happened between [him] and the young lady. And with regard to the other evidence that you're going to hear, whether something on those dates or that time period occurred before the defendant and other people.
>
> Unfortunately, the police officer mentioned that they took a swab of his DNA, saliva or whatever at the prison. That is a totally irrelevant consideration. Where the man is housed has nothing to do with this case. Your focus is pure and simple. On July 3rd, 2011, what, if anything, happened between the defendant and the young lady. Then we're going to be looking at another set of dates. The issue is what happened on those dates. . . .
>
> So I have to go through all of this to say that you should disregard what the officer said. . . .

N.T., 4/16/13, at 160–161.

Upon review, we discern no abuse of discretion. Confronted with the possible effect on the jury of the police officer's comment, the trial court advised defense counsel that "two thirds of the jury are college educated or better" and "the other folks who don't have a college education happen to own businesses and do other things, so they don't have their heads in the sand." N.T., 4/16/13, at 157. Moreover, the trial court fully instructed the jury it was not to consider the officer's reference to Appellant's incarceration as evidence, emphasizing that Appellant's housing was "irrelevant." *Id.* at 160–161. The law presumes that the jurors followed the trial court's instructions. *See Commonwealth v. Burno*, 94 A.3d 956, 977 (Pa. 2014) ("The jury is presumed to have followed the trial court's instructions.").

Furthermore, the evidence against Appellant was overwhelming. N.G. testified to the sexual assault. N.T., 4/16/13, at 16–17, 32. N.G.'s mother and Officer Lindenlauf testified to N.G.'s prompt complaint. *Id.* at 62–63, 121–122. The supervisor of the Chester County Child Abuse Unit testified regarding his forensic interview of N.G., during which she discussed the assault through drawings and the use of an anatomical doll. *Id.* at 167–173. N.G.'s aunts testified to Appellant's sexual contact with them during their preteen years. N.T., 4/17/13, at 62–73; N.T., 4/18/13, at 28–37. A forensic DNA scientist for the Pennsylvania State Police informed the jury that Appellant's DNA was found on N.G.'s underwear. *Id.* at 165–170.

Based on the foregoing, we discern nothing in the record to suggest that the officer's passing reference to Appellant's incarceration in the

Chester County Prison had the unavoidable effect of depriving Appellant of a fair trial by preventing the jury from weighing and rendering a true verdict. *Fortenbaugh*, 69 A.3d at 193. Additionally, the trial court's cautionary instruction was adequate to overcome any possible prejudice, rendering a mistrial unnecessary. *Fletcher*, 41 A.3d at 894–895. Thus, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015