J-A23045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER STEPHENSON, | : | |
| | : | |
| Appellant | : | No. 1519 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 7, 2018
in the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000163-2018

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED NOVEMBER 21, 2019**

Jennifer Stephenson ("Stephenson") appeals from the judgment of sentence imposed following her conviction of persons not to possess firearms.[1] We affirm.

On December 27, 2017, police officers from the Oil City Police Department and the Venango County Sheriff's Department arrived at Stephenson's residence at 707 Orange Street, Oil City, Pennsylvania, in an attempt to serve a warrant on Benjamin Kachik ("Kachik").  The officers believed Kachik was staying with Stephenson.  Stephenson gave the officers permission to search her residence for Kachik.  Oil City Police Chief Robert Wenner ("Chief Wenner") and Officer Regina Deloe ("Officer Deloe") entered one of the bedrooms, at which time Stephenson indicated that the bedroom

---

[1] *See* 18 Pa.C.S.A. § 6105(a)(1).

was not hers, and that someone else, *i.e.*, Justin Steetle ("Steetle"), was staying there. The officers nevertheless checked the room and the closet, where Chief Wenner observed a Mossburg .270 caliber rifle. Because Chief Wenner had interacted with Stephenson previously, he knew that Stephenson had prior felony convictions and was not permitted to possess a firearm. Stephenson was subsequently arrested and charged with persons not to possess firearms and receiving stolen property.

A jury found Stephenson guilty of persons not to possess firearms, and not guilty of receiving stolen property. On September 7, 2018, following preparation of a pre-sentence investigation report, the trial court sentenced Stephenson to a term of 5 to 10 years in prison, with credit for time served. Stephenson filed a timely Post-Sentence Motion, challenging the verdict as against the weight of the evidence. The trial court denied the Post-Sentence Motion.

On October 22, 2018, Stephenson, through counsel, filed a Motion to Reinstate Defendant's Appellate Rights *Nunc Pro Tunc*, which the PCRA court granted. Stephenson thereafter filed a Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Stephenson now raises the following issues for our review:

I. The trial court erred as a matter of law when it denied [Stephenson's] Motion for Mistrial[,] after the Commonwealth's witness testified to a statement made by [Stephenson] that was

not given to the defense during discovery, which constitutes a violation of the Supreme Court's holding in **Brady v. Maryland**.[2]

II. The verdict in this case was against the weight of the evidence in that the evidence demonstrated that the firearm which forms the basis of the charge in this case was linked to someone else.

Brief for Appellant at 2 (footnote added).

In her first claim, Stephenson argues that the trial court erred by denying her Motion for Mistrial after Chief Wenner testified regarding a statement allegedly made by Stephenson during the search of her residence. *Id.* at 7. Specifically, Stephenson refers to her exchange with Chief Wenner during the search, which Chief Wenner described at trial:

[Chief Wenner]: [Stephenson] said, ["]I'm working with Trooper King.["] I said, ["]you need to have him call me. It will take us some time to sort this weapon out. You know you're a convicted felon. You know you can't possess.["] She goes ["]yes,["] and she said, ["]I thought he got rid of it.["]

[ADA]: Why was that statement significant to you?

[Chief Wenner]: She had knowledge it was there. She said it was [] Steetle's.

[ADA]: Is that the person she claimed was staying there at some point in time?

[Chief Wenner]: Yes, and his girlfriend, absolutely.

N.T., 8/17/19, at 27-28; *see also* Brief for Appellant at 8. Additionally, Stephenson claims, Officer Deloe testified at trial that she did not hear the

---

[2] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that the prosecution must disclose evidence favorable to the accused that is material either to guilt or punishment).

conversation, and that Chief Wenner did not tell her to include Stephenson's statement in her report. Brief for Appellant at 8. Stephenson asserts that the above-stated testimony constitutes **_Brady_** evidence, which the Commonwealth failed to disclose prior to trial, and which resulted in prejudice. **_Id._** at 9-10.

> Our review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias or ill-will, discretion is abused.

**_Commonwealth v. Fletcher_**, 41 A.3d 892, 894 (Pa. Super. 2012) (citations omitted). "The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal." **_Commonwealth v. Cornelius_**, 180 A.3d 1256, 1261 (Pa. Super. 2018) (citation omitted).

Our Supreme Court has explained that,

> in order to establish a **_Brady_** violation, a defendant must show that: (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant, either because it was **exculpatory** or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. However, the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. Rather, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Williams***, 168 A.3d 97, 109 (Pa. 2017) (emphasis added; citations, quotation marks, and brackets omitted). Additionally, Pa.R.Crim.P. 573 requires the Commonwealth to disclose certain materials requested by the defendant's attorney, including, *inter alia*, evidence favorable to the accused or any written confession or inculpatory statement, if they are material to the case. ***See*** Pa.R.Crim.P. 573(B)(1)(a), (b).

Initially, we note that Stephenson did not object at the time Chief Wenner provided the challenged testimony. Additionally, Stephenson did not specifically argue that the challenged testimony constituted a ***Brady*** violation in her Motion for Mistrial. However, following Officer Deloe's testimony, Stephenson generally challenged the testimony as a violation of the Pennsylvania discovery rules. ***See*** N.T., 8/17/18, at 69-74.

The challenged portion of testimony, which Stephenson's counsel described as a "confession" made to Chief Wenner, N.T., 8/17/18, at 69, is not exculpatory. ***See Williams***, ***supra***. Rather, the statement could be described as inculpatory. ***See*** N.T., 8/17/18, at 71-72 (wherein defense counsel explained that Stephenson's statements to Chief Wenner indicated that she was aware that the firearm was in her home). Additionally, because the challenged testimony related to Stephenson's own statement to Chief Wenner, the evidence was not exclusively within the control of the Commonwealth. ***See Commonwealth v. Spotz***, 18 A.3d 244, 276 (Pa. 2011) (stating that "[t]here is no ***Brady*** violation when the appellant knew

or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from non-governmental sources."). Further, concerning the Pennsylvania discovery rules, the trial court determined that a mistrial was not warranted because Stephenson would only suffer slight prejudice from the statement; the court directed the Commonwealth not to refer to the statement; and the court offered to issue a curative instruction, but Stephenson declined. *See* Trial Court Opinion, 12/21/18, at 5-7. We agree with the trial court's assessment that any prejudice resulting from the Commonwealth's failure to disclose the statement was minimal. Moreover, Stephenson had the opportunity to cross-examine Officer Deloe regarding why the challenged statement was not included in the police report. *See* N.T., 8/17/18, at 57-59, 67-68. Because we conclude that that Commonwealth did not commit a *Brady* violation, and the trial court did not abuse its discretion in denying a mistrial, Stephenson is not entitled to relief on this claim.

In her second claim, Stephenson argues that the verdict was against the weight of the evidence. Brief for Appellant at 11. Specifically, Stephenson claims that the evidence presented at trial links the firearm to Steetle, instead of her. *Id.* Stephenson also claims that the Commonwealth failed to present any evidence that would indicate that she knew that the firearm was in her house. *Id.* at 12.

We adhere to the following standard of review:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. McClelland***, 204 A.3d 436, 447 (Pa. Super. 2019) (citation omitted). "In order for an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Commonwealth v. Mucci***, 143 A.3d 399, 411 (Pa. Super. 2016) (citation and quotation marks omitted). Additionally, a challenge to the weight of the evidence presented at trial concedes that there was sufficient evidence to sustain the verdict. ***Commonwealth v. Charlton***, 902 A.2d 554, 561 (Pa. Super. 2006).

Although Stephenson correctly cites the legal standards that apply to a weight claim, her argument concerning this claim amounts to little more than bald allegations, unsupported by citations to case law or evidence of record. **See** Pa.R.A.P. 2119(a) (stating that an appellant's argument must include "such discussion and citation of authorities as are deemed pertinent."). Further, there is nothing in Stephenson's argument, or in our own review of the record, to suggest that the jury's verdict should have "shock[ed] the conscience of the court." **Mucci**, 143 A.3d at 411. In particular, Stephenson's assertion that the evidence linked the firearm to Steetle does not necessitate

a conclusion that the jury improperly weighed the evidence, because, as the trial court aptly pointed out, possession of a firearm can be established by constructive possession. Trial Court Opinion, 12/21/18, at 8 (citing *Commonwealth v. McClellan*, 178 A.3d 874, 878 (Pa. Super. 2018)). The trial court also observed that "the Commonwealth provided evidence and testimony establishing [that Stephenson] was aware the rifle was in her home, [and] therefore[,] it was reasonable for the jury to find her guilty." *Id.* at 9; *see also McClellan*, 178 A.3d at 878 (explaining that constructive possession, *i.e.*, the power to control contraband and the intent to exercise that control, may be established through circumstantial evidence, and the requisite intent may be inferred from a totality of the circumstances). Accordingly, Stephenson is not entitled to relief on this claim.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/21/2019