J-S68036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FELIX VELASQUEZ | : | |
| | : | |
| Appellant | : | No. 958 WDA 2019 |

Appeal from the PCRA Order Entered May 28, 2019
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000987-2016

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.*

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED FEBRUARY 14, 2020**

Appellant, Felix Velasquez, appeals from the order entered in the Erie County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 19, 2016, Victim arranged to purchase drugs from Appellant.  Instead of selling drugs to Victim, however, Appellant shot and robbed him.  The court held a two-day jury trial on November 7-8, 2016.  On the second day of trial, the following exchange occurred during defense counsel's cross-examination of Commonwealth witness, Detective Craig Stoker:

> Q:     And [Appellant's] last name is spelled V-E-L-A-S-Q-U-E-Z; is that correct?

---

* Retired Senior Judge assigned to the Superior Court.

A:      I'd have to look.

Q:      Okay.  Do you want to refer to your police report?

A:      Sure.  Okay.

Q:      So how it is spelled?

A:      On his criminal history it is—it's his driver's status.
I apologize.  This is his driver's status picture.

Q:      Okay.  So, how it is spelled?

A:      This is F-E-L-I-X…V-E-L-A-S-Q-U-E-Z.

(N.T. Trial, 11/8/16, at 107-08).  Defense counsel did not object, move for a mistrial, or request a jury instruction.  On the same day, the jury convicted Appellant of aggravated assault, attempted murder, recklessly endangering another person ("REAP"), firearms not to be carried without a license, possession of an instrument of crime ("PIC"), robbery, and terroristic threats.

On December 21, 2016, the court sentenced Appellant to an aggregate term of fifteen (15) to thirty (30) years' incarceration.  This Court affirmed the judgment of sentence on December 22, 2017, and Appellant did not seek further review with our Supreme Court.  On October 18, 2018, Appellant timely filed his first PCRA petition *pro se*.  The PCRA court appointed counsel, who subsequently filed amended petitions on January 2, 2019, and February 6, 2019.  The court held a PCRA hearing on May 3, 2019, and denied PCRA relief on May 28, 2019.  Appellant timely filed a notice of appeal on June 27, 2019.  On June 28, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b);

- 2 -

Appellant timely complied.

Appellant raises the following issues on appeal:

> WHETHER THE [PCRA] COURT COMMITTED LEGAL ERROR AND ABUSED ITS DISCRETION IN FAILING TO GRANT PCRA RELIEF IN THAT APPELLANT WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO CALL TACHELLE WILLIAMS AS AN ALIBI WITNESS?
>
> WHETHER APPELLANT WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT TRIAL COUNSEL FAILED TO OBJECT AND MOVE FOR A MISTRIAL WHEREIN A COMMONWEALTH WITNESS MADE STATEMENTS ABOUT APPELLANT'S PRIOR CRIMINAL RECORD AND HISTORY DURING HIS TESTIMONY, WHICH CONSTITUTED EVIDENT GROUNDS FOR OBJECTION AND MISTRIAL?

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120

S.Ct. 41, 145 L.Ed.2d 38 (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 600 Pa. 329, 356-357, 966 A.2d 523, 539 (2009).

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

After a thorough review of the record, the brief of the parties, the applicable law, and the well-reasoned opinion of the Honorable John J. Mead, we conclude Appellant's first issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented (*See* PCRA Court Opinion, filed May 28, 2019, at 3-5) (finding: court found credible trial counsel's testimony that Appellant did not tell her about his alleged alibi witness, Ms. Williams; further, Ms. Williams testified that despite meeting with trial counsel and attending Appellant's trial, she did not tell trial counsel about alleged alibi; Ms. Williams provided affidavit asserting alibi years after trial; court found incredible Appellant's testimony that he told trial counsel about alibi; counsel cannot be ineffective for failing to pursue alibi she did not know about; moreover, Ms. Williams testified that she was not with Appellant at time of shooting; rather, Ms. Williams said she received call from

Appellant that day around 5:00 p.m., which was after shooting; Ms. Williams was not sure exactly when she received call and did not provide phone records to prove call occurred; Ms. Williams also failed to provide date/time of pictures Appellant allegedly sent Ms. Williams of her daughter on date of shooting; Commonwealth produced evidence at trial that Victim called Appellant on his phone, Appellant arrived on crime scene in his vehicle (captured by video camera), and Victim identified Appellant as shooter; thus, Appellant cannot establish prejudice in any event). Accordingly, with respect to Appellant's first issue on appeal, we affirm based on the PCRA court's opinion.

In his remaining issue, Appellant argues the trial court prohibited any reference to Appellant's criminal history except as authorized for impeachment purposes if Appellant chose to testify. Appellant, however, asserts that Commonwealth witness, Detective Stoker, mentioned Appellant's criminal history during defense counsel's cross-examination, and defense counsel failed to object, move for a mistrial, or seek a cautionary jury instruction. Appellant maintains defense counsel's failure to do so resulted in a tainted jury verdict and constitutes patent ineffective assistance of counsel. Appellant concludes this Court should remand for a new trial. We disagree.

This Court has explained:

> Ordinarily, admission of testimony which describes, or from which the jury may infer, past criminal conduct by a defendant constitutes reversible error. However, not all such references warrant reversal. An isolated passing reference to prior criminal activity will not warrant reversal unless the record indicates that prejudice resulted from the

remark. There is no *per se* rule which requires a new trial for every passing reference to prior criminal conduct. Additionally, the possible prejudicial effect of a...reference to prior criminal conduct...may, under certain circumstances, be removed by a cautionary instruction.

***Commonwealth v. Fletcher***, 41 A.3d 892, 895 (Pa.Super 2012), *appeal denied*, 618 Pa. 683, 57 A.3d 67 (2012) (quoting ***Commonwealth v. Maute***, 485 A.2d 1138, 1143 (Pa.Super. 1984)).

Instantly, the court held a jury trial on November 7-8, 2016. During defense counsel's cross-examination of Detective Stoker, defense counsel asked Detective Stoker if Appellant's last name is spelled V-E-L-A-S-Q-U-E-Z. Detective Stoker responded, "On his criminal history it is—it's his driver's status. I apologize. This is his driver's status picture." (N.T. Trial, 11/8/16, at 107). This passing reference to Appellant's criminal history is not enough to warrant a mistrial or necessarily require a cautionary instruction in the case. ***See Fletcher, supra***. Here, Detective Stoker misspoke when he referred to his police report. Detective Stoker immediately corrected himself and made no further reference to Appellant's criminal history. Thus, Appellant suffered no prejudice as a result of Detective Stoker's fleeting error in testimony. ***See id.*** As presented, Appellant's underlying claim lacks arguable merit; and trial counsel cannot be deemed ineffective on this ground. ***See Poplawski, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/14/2020

COMMONWEALTH OF PENNSYLVANIA: IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA
v.
CRIMINAL DIVISION

FELIX VELASQUEZ
No. 987 of 2016

May 28, 2019 **OPINION AND ORDER**

Petitioner Felix Velasquez filed a pro se Motion for Post-Conviction Relief

(PCRA). The Court thereafter appointed counsel to represent petitioner, and an

Amended PCRA was filed. A supplemental PCRA was also filed. A hearing was held on

May 3, 2019. For the following reasons, Petitioner's PCRA is denied.

## STATEMENT OF FACTS

1.      Petitioner was convicted following a jury trial of criminal attempt at murder,

aggravated assault, reckless endangerment, person not to possess a firearm, firearm

not to be carried without a license, possessing an instrument of crime, robbery, and

terroristic threats.

2.      At trial, the victim testified that he called Petitioner to purchase drugs. Instead of

selling him drugs at their meeting, Petitioner shot and robbed the victim.

3.      The evidence at trial showed that the shooting occurred at approximately 4:45

p.m. The victim identified the Petitioner as the shooter.

4.      At the PCRA hearing on May 3, 2019, Petitioner focused on only one claim – that

his counsel was ineffective because she did not file a Notice of Alibi, or investigate

Petitioner's claim of an alibi witness.

5.      Petitioner testified at the PCRA hearing that he told his attorney Khadija Horton

that his girlfriend was an alibi witness. Petitioner claimed that he dropped his girlfriend

1



Tachelle Williams off at work the day of the shooting at 3:00 p.m. and picked her up at 11:00 p.m.

6. Petitioner claimed he had Ms. Williams' young daughter was with him the whole day of the shooting. Petitioner claimed he called Ms. Williams that day and sent her photographs from his phone of her daughter at around the same time as the shooting. He testified that he told Ms. Horton about this information.

7. Ms. Williams testified at the PCRA hearing. She said she was not with Petitioner from 3:00 p.m. until 11:00 p.m. the day of the shooting. She does recall receiving a phone call during her lunch break, which she said was at 5:00 p.m. She also recalls receiving 3 photographs of her daughter that day, but could not recall what time she received them.

8. Three photographs were introduced at the hearing. One was Petitioner and Ms. William's daughter, and two were of the daughter alone. Significantly, there were no indications on the photographs as to the date and time the photographs were taken.

9. Ms. Williams said she met Ms. Horton one time before the trial, but did not talk about the alibi defense. She never told Ms. Horton about any alleged alibi defense.

10. Ms. Williams testified she didn't know where Petitioner was when he called her the day of the shooting.

11. Ms. Williams could not testify when the three photographs were taken, or what time they were sent to her.

12. Even though the trial was in November 2016, Ms. Williams did not provide to anyone her affidavit regarding the alleged phone call and photographs until January 2019.

2

13. Ms. Williams testified that she didn't know if Petitioner was at the crime scene, because, "I was not there".

14. Ms. Horton testified that she met with Petitioner approximately 10 times. At no time did Petitioner ever raise an alibi defense.

15. Prior to trial, Ms. Horton and Petitioner decided on a strategy that the victim misidentified Petitioner as the shooter.

16. Prior to the PCRA hearing, Ms. Horton reviewed her file, and found nothing regarding Petitioner mentioning an alibi defense. To the contrary, when Ms. Horton requested that Petitioner list any witnesses in a letter to Petitioner, he did not mention Ms. Williams in his reply.

17. Ms. Horton testified that if Petitioner has brought up an alibi, she would have had her investigator follow up on it, but Petitioner never mentioned an alibi defense.

## CONCLUSIONS OF LAW

Under section 9545 (a)(2)(iii) of the PCRA, a defendant is eligible for Post-Conviction relief only where counsel's act or omission "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Because counsel is presumed to be effective, the defendant has the burden of establishing ineffectiveness of counsel. Commonwealth v. Speight, 677 A.2d 317 (Pa.1996).

When a claim of ineffectiveness is asserted on PCRA review, the claim is evaluated according to the three prong performance and prejudice test set out in Commonwealth v. Pierce, 527 A. 2d 973 (Pa.1987). Prongs one and two concern counsel's performance. The defendant must establish that the issue underlying the

3

claim of ineffectiveness has arguable merit, and counsel's act or omission was not reasonably designed to advance the interests of defendant. Prejudice, the third prong, is met if defendant shows "there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

The performance prongs of Pierce require the defendant to demonstrate that (1) the issue underlying the claim of ineffectiveness has arguable merit, and (2) counsel did not have a reasonable basis for the act or omission in question. Commonwealth v. Douglas, 645 A.2d 226, 230 (Pa. 1994). When a defendant seeks post-conviction relief claiming counsel was ineffective for failing to call a witness, the defendant must establish that the witness existed, the witness was available, counsel knew or should have known of the witness's identity, the witness would have testified on the defendant's behalf, and the absence of the witness was so prejudicial as to have denied the defendant a right to a fair trial. Commonwealth v. Pander, 100 A.3d 626, 643 (Pa. Super. 2014).

Here Ms. Horton testified, and the Court finds credible, that Petitioner never told her about the alleged alibi. Moreover, Ms. Williams also testified that despite meeting with Ms. Horton and attending Petitioner's trial, she never told Ms. Horton about any alleged alibi. Ms. Williams provided her affidavit years after the trial. The Court does not find credible Petitioner's testimony he told Ms. Horton about an alleged alibi. Since Ms. Horton did not know about any alleged alibi, she cannot be found to be ineffective for failure to pursue it. Commonwealth v. Simpson, 112 A.3d 1194 (Pa. 2015) (defendant failed to establish that counsel knew witness existed).

4

Moreover, the hearing demonstrated that there was not a reasonable probability that the outcome of the trial would have been different if Ms. Williams had testified. She testified that she was not with Petitioner at the time of the shooting; rather, she got a phone call from him that day around 5:00 p.m. (after the shooting). She could not be sure when the call came in, and she did not provide any phone records to prove the call. She also testified that she did not know when Petitioner sent her the photographs of her daughter, and there was no date or time attached to the photographs. Thus, her testimony, even if believed, would not have established an alibi for Petitioner.

To the contrary, there was evidence at trial that the victim called Petitioner on his phone; that the Petitioner arrived on the crime scene in his vehicle, which was captured by a video camera; and that the victim identified Petitioner as the man who shot him.

Based on the above, the Petitioner's PCRA claim based on ineffective of counsel is denied.

BY THE COURT:

_____
JUDGE JOHN J. MEAD

Atty. Lightner - DA's Office
William Hathaway, Esq. – Box 96
Felix Velasquez, CB-38, SCI Forest, P.O. Box 945, Marienville, PA 16239

5