116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry BROADEN, Defendant-Appellant.
 No. 96-10439.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1997.
Decided June 23, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-95-00117-LDGE (LRL); Lloyd D. George, District Judge, Presiding.
 Before: GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larry Broaden appeals his jury-trial conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and distribution of a Schedule II narcotic drug, in violation of 21 U.S.C. § 841(a)(1). Prior to trial, Broaden moved to suppress evidence seized during a warrantless search of his apartment and to suppress the "fruits" of that search, including his post-arrest statements. In denying Broaden's motion to suppress, the district court adopted the recommendations of the magistrate judge, who concluded that the warrantless search of Broaden's apartment was valid because Broaden's fourteen-year-old daughter, Leatrice Broaden, consented to the search. Because Broaden has waived any challenges to the voluntariness of Leatrice's consent, and because we conclude that Leatrice had the authority and the capacity to consent to a search of Broaden's apartment, we affirm.
 
 
 3
 Broaden failed to object to any aspect of the magistrate's report and recommendation. As a result of this failure, Broaden has waived, at a minimum, any challenges to the magistrate's factual findings, including the magistrate's finding that Leatrice voluntarily consented to the search. See Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir.1983) (interpreting 28 U.S.C. § 636(b)(1) and concluding that challenges to factual findings are waived by failure to object to magistrate's report); United States v. Morning, 64 F.3d 531, 532 (9th Cir.1995) (question of voluntariness is one of fact), cert. denied, 116 S.Ct. 1030 (1996).
 
 
 4
 This circuit's precedents regarding waiver of legal challenges to a magistrate's report are inconsistent. In Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir.1996), we held that, pursuant to revised Federal Rule of Civil Procedure 72, a party in a civil case waives its legal, as well as its factual challenges by failing to object to a magistrate's report and recommendation. Because Rule 72 only applies to civil cases, however, the Simpson decision does not apply to Broaden's claim. Previously, in Britt, 708 F.2d at 454, we held that a party waives only its factual, but not its legal, arguments by failing to object to the magistrate's report. Because Britt relied on 28 U.S.C. § 636(b)(1), which applies to both civil and criminal cases, Broaden arguably has not waived his legal challenges to the magistrate's report and recommendation. Because we find no merit in Broaden's legal arguments, we will assume for purposes of this appeal that he has not waived his legal challenges and will review his legal claims on the merits.
 
 
 5
 Accordingly, we review only the district court's determinations that Leatrice had the authority and the capacity to consent to a search of Broaden's apartment. We review these mixed questions of law and fact de novo. See United States v. Kim, 105 F.3d 1579, 1581 (9th Cir.1997).
 
 
 6
 The Government may justify a warrantless search by showing "that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974) (emphasis added). Broaden argues that Leatrice had no authority to consent to a search of his apartment because she did not reside there. However, we have never limited the application of Matlock to searches made pursuant to the consent of a co-inhabitant. In fact, we have held that Matlock also created an assumption of risk analysis and that, where a defendant cedes control over his property to a third-party, he may assume the risk that the third party will consent to a search of that property. Kim, 105 F.3d at 1582 (defendant assumed the risk that his agent would consent to a search of storage locker by instructing the agent to lease the lockers, by allowing him to access the lockers, and by allowing him to retain the keys on occasion); United States v. Walker, 575 F.2d 209, 212 (9th Cir.1978) (defendant assumed the risk that a messenger would consent to a search of photographs when he entrusted delivery of the photographs to the messenger).
 
 
 7
 Here, Broaden entrusted Leatrice to care for his three children and for the apartment itself. At the time Officers Sherwood and Tobiasson visited the apartment, Leatrice held exclusive control of the residence. As the magistrate concluded, Leatrice must have had access to the kitchen and to the freezer incident to her responsibilities as a baby-sitter. By ceding control over the apartment and the kitchen to Leatrice, Broaden assumed the risk that Leatrice would reveal the contents of the freezer to others.
 
 
 8
 Broaden argued to the magistrate that "it is not reasonable under any circumstances to search an apartment based on the actions and consent of a [fourteen-year-old] child." We reject Broaden's argument insofar as it suggests that a minor child is always precluded, as a matter of law, from consenting to a search of her parents' home. See Lenz v. Winburn, 51 F.3d 1540, 1548 (11th Cir.1995) (nine-year-old had authority and capacity to consent to search of residence); United States v. Clutter, 914 F.2d 775, 778 (6th Cir.1990) (twelve and fourteen-year-old children had authority to consent to search when routinely left in exclusive control of the house).[1] Furthermore, we find no evidence in this record to suggest that Leatrice lacked the capacity to consent to a search of the apartment. In fact, because Broaden entrusted her with substantial responsibility over his children and his home, the record supports the magistrate's conclusion that Leatrice had the capacity to consent to the search.
 
 
 9
 Because Leatrice had the legal authority and the capacity to consent to a search, the officers' warrantless entry into Broaden's apartment and their subsequent seizure of the PCP in the freezer did not violate the Fourth Amendment. Because the initial search of the apartment was valid, the "fruit of the poisonous tree" doctrine does not require the suppression of Broaden's postarrest statements or of the evidence seized in the subsequent search of Broaden's apartment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Leatrice Broaden's age and level of sophistication were, of course, relevant and important factors for the district court to consider in determining whether Leatrice voluntarily consented to the search or instead submitted to the police officers' show of authority. However, as discussed above, Broaden waived any challenges to the magistrate's finding of voluntary consent by failing to object to the magistrate's report