J-S35028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                :  PENNSYLVANIA
                                                :

              v.                                :
                                                :

AUSTIN TEXAS HOUSTON KELLEY  :
                                                :

             Appellant                :   No. 209 MDA 2025

Appeal from the PCRA Order Entered April 15, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003462-2018

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:             **FILED: OCTOBER 10, 2025**

Austin Texas Houston Kelley (Appellant) appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant's convictions involve three minor complainants, S.B., K.W., and M.M., who were each 14 or 15 years old at the time of the offenses.  The PCRA court summarized the underlying facts:

> [In 2016 and 2017, Appellant] met [the complainants] while patronizing local skating rinks.  [Appellant] adopted the guise of "Superman" while communicating with the minors, grooming them to the point where he would attempt to manipulate them into having sexual contact with him.  Notably, [Appellant] developed a common scheme of manipulating the minors into unlocking their second-story bedroom windows so that he could enter their residences at night[,] without any knowledge or consent from the minors' parents.  While present in the minors' bedrooms, [Appellant] would then either engage in, or attempt to

engage in, sexual contact with them.[1] … [Appellant] was able to successfully manipulate [S.B. and K.W.] into having sexual contact with him, but he was unsuccessful in his similar attempts with [M.M.]

PCRA Court Opinion, 4/15/24, at 1-2 (footnote added).

The Commonwealth charged Appellant with three counts each of unlawful contact with a minor (one each relating to S.B., K.W., and M.M.) and corruption of minors (S.B., K.W., M.M.); two counts each of burglary (S.B., M.M.), criminal trespass (S.B., M.M.), indecent assault (S.B., K.W.), and criminal solicitation to statutory sexual assault (S.B., K.W.); and one count each of involuntary deviate sexual intercourse (S.B.), statutory sexual assault (S.B.), and aggravated indecent assault (S.B.).[2]

Bradon E. Toomey, Esquire (trial counsel), represented Appellant at trial and on direct appeal. Appellant filed a motion to sever the charges relating to each of the three complainants, which the trial court denied. On October 21, 2020, following a jury trial, the jury acquitted Appellant of one count of burglary (relating to M.M.) and convicted him of all other charges. On July 2, 2021, after a hearing, the trial court determined Appellant was a Sexually Violent Predator (SVP), and imposed an aggregate sentence of 28 to 56 years'

---

[1] Appellant did not go to K.W.'s residence; rather, his offenses against K.W. occurred while K.W. slept over at S.B.'s residence. **See** N.T., 10/19-21/20, at 176-78.

[2] 18 Pa.C.S.A. §§ 6318(a)(1), 6301(a)(1)(ii), 3502(a)(1)(i), 3503(a)(1)(i), 3126(a)(8), 902(a), 3123(a)(7), 3122.1(a)(1), 3125(a)(8).

imprisonment. Appellant filed a motion to modify sentence, which the trial court granted. On January 20, 2022, the trial court resentenced Appellant to an aggregate term of 18 to 50 years' imprisonment.

Appellant timely appealed to this Court. Appellant challenged the trial court's denial of his severance motion, the admissibility of expert testimony on grooming behavior, and the sufficiency of the evidence underlying the trial court's SVP determination. *Commonwealth v. Kelley*, 292 A.3d 1115 (Pa. Super. 2024) (unpublished memorandum). On January 24, 2023, we affirmed Appellant's judgment of sentence. *Id.* On July 11, 2023, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Kelley*, 301 A.3d 425 (Pa. 2024).

On August 11, 2023, Appellant timely filed a *pro se* PCRA petition, his first. The PCRA court appointed William G. Braught, Esquire (PCRA counsel), to represent Appellant. PCRA counsel filed an amended PCRA petition on November 3, 2023, and a second amended petition on December 18, 2023. The second amended petition alleged trial counsel rendered ineffective assistance in several instances. On February 9, 2024, the PCRA court held an evidentiary hearing, at which trial counsel and Appellant testified. On April 15, 2024, the PCRA court filed an opinion and order dismissing the petition.

No appeal followed. On November 26, 2024, Appellant filed a *pro se* PCRA petition, his second, alleging that he asked PCRA counsel to file an appeal from the dismissal of his first petition, but PCRA counsel failed to do

so. The PCRA court appointed Kristen L. Weisenberger, Esquire (PCRA appellate counsel), to represent Appellant. On February 7, 2025, the PCRA court granted Appellant's second petition and reinstated his right to appeal the dismissal of his first petition, *nunc pro tunc*.

On February 18, 2025, Appellant filed a *nunc pro tunc* notice of appeal from the PCRA court's April 15, 2024, order. Appellant timely filed a court-ordered concise statement under Pa.R.A.P. 1925(b). The PCRA court filed a supplemental opinion under Rule 1925(a).

Appellant presents two questions for our review:

1. Whether the [PCRA] court erred in denying Appellant's PCRA [petition] and finding trial counsel was not ineffective in failing to challenge [the] sufficiency of the evidence [underlying Appellant's convictions] for burglary[,] criminal trespass[,] and unlawful contact with a minor[?]

2. Whether the [PCRA] court erred in denying Appellant's PCRA [petition] and finding trial counsel had a reasonable basis in failing to seek a mistrial after the Commonwealth presented evidence that complainant K.W. attempted suicide[?]

Appellant's Brief at 4.

Our review of an order dismissing a PCRA petition

is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. … The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 324 A.3d 551, 564 (Pa. Super. 2024) (citation omitted).

Appellant's claims challenge trial counsel's effectiveness. A PCRA petitioner claiming ineffective assistance of counsel

> will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). To establish a claim of ineffectiveness, a PCRA petitioner must plead and prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (employing the ineffective assistance of counsel test from *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). … Finally, because a PCRA petitioner must establish all the *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations modified).

In his first issue, Appellant argues trial counsel rendered ineffective assistance by failing to challenge, on direct appeal, the sufficiency of the evidence underlying Appellant's convictions for burglary, criminal trespass,

and one count of unlawful contact with a minor (as to M.M.). *See* Appellant's Brief at 9-16.

We first address the burglary and criminal trespass claims. Appellant argues S.B. and M.M. gave Appellant permission to enter their respective residences via their second-story bedroom windows. *Id.* at 13-15. Appellant maintains that even though S.B. and M.M. were minors and were not the owners of their residences, they were members of their respective households and could authorize Appellant's entry. *Id.* at 14. Therefore, Appellant asserts, the Commonwealth "failed to present sufficient evidence that Appellant did not have permission to enter" the residences. *Id.* at 15.

The Commonwealth counters that it presented sufficient evidence of Appellant's unauthorized entry. *Id.* at 20-22. The Commonwealth notes both S.B. and M.M. testified that they knew their parents did not authorize Appellant's entry into their residences, and they knew they did not have permission to let him in. *Id.* at 5, 10 (citing N.T., 10/19-21/20, at 108-16, 144-46). The Commonwealth further notes both S.B.'s mother and M.M.'s stepfather testified that Appellant entered their residences without their knowledge or permission. *Id.* at 6, 11 (citing N.T., 10/19-21/20, at 128, 171).

When reviewing a sufficiency claim, this Court

must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a

reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Peralta*, 311 A.3d 1, 4 (Pa. Super. 2024) (citation omitted).

Appellant was convicted of burglary under 18 Pa.C.S.A. § 3502(a)(1)(i), which provides as follows:

A person commits the offense of burglary if, with the intent to commit a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein[.]

*Id.* Section 3502(e) defines "Bodily injury crime" to include, *inter alia*, "[a]n act, attempt or threat to commit an act which would constitute a misdemeanor or felony under … Chapter 31 (relating to sexual offenses)." *Id.* § 3502(e). Section 3502(b)(3) provides that "[i]t is a defense to prosecution for burglary if … [t]he actor is licensed or privileged to enter." *Id.* § 3502(b). However, "[a]ny license or privilege to enter a premises is negated when it is acquired by deception." *Commonwealth v. Sanchez*, 82 A.3d 943, 973 (Pa. 2013) (citations omitted).

Appellant was convicted of criminal trespass under 18 Pa.C.S.A. § 3503(a)(1)(i), which provides:

A person commits an offense if, knowing that he is not licensed or privileged to do so, he … enters, gains entry by subterfuge or

surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof[.]

18 Pa.C.S.A. § 3503(a)(1)(i). Section 3503(c)(3) provides that "[i]t is a defense to prosecution [for criminal trespass] that … the actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain." *Id.* § 3503(c)(3).

Instantly, the PCRA court determined Appellant's sufficiency claims regarding burglary and criminal trespass lacked arguable merit, and therefore trial counsel cannot have rendered ineffective assistance by not raising these claims on direct appeal. *See* PCRA Court Opinion, 4/15/24, at 7. The PCRA court reasoned as follows:

> M.M. testified that her mother was strict with regard to having friends over, and she would not have permitted [Appellant] in the residence. N.T., 10/19-21/20, at 86-87. M.M. also testified that [Appellant] was the one who suggested entering surreptitiously through the second-story bedroom window. *Id.* at 88. M.M.'s stepfather also testified … that M.M. did not have permission to bring an adult male into her bedroom. *Id.* at 128-29. Similarly, S.B. testified that [Appellant] would enter her bedroom via the second-story window, because her parents did not know that he was coming over and [] would have objected to S.B., then fourteen years old, having an adult male in her bedroom. *Id.* at 144-45. S.B.'s mother further testified to that effect. *Id.* at 171. The fact-finder was also entitled to draw reasonable inferences, such as the fact that [Appellant] consistently entered [the] residences through second-story bedroom windows rather than the front door …, when considering [Appellant's] assertion [that the minor complainants had] apparent authority [to permit his entry].

PCRA Court Opinion, 4/15/24, at 8 (footnotes omitted; record citations modified).

We agree with the PCRA court's analysis. Our review confirms that the evidence, viewed in the light most favorable to the Commonwealth, sufficiently established that Appellant entered the residences without license or privilege, and that Appellant knew the minor complainants did not have authority to permit his entry. Appellant identifies no caselaw suggesting that minors may authorize entry into a residence under analogous circumstances. *See* Appellant's Brief at 14.[3] As Appellant's sufficiency claims regarding

_____

[3] Appellant argues:

> Case law is sparse on a child granting permission to enter a residence regarding burglary and criminal trespass; however[,] there is case law that specifically states a minor may be in a position to give permission for their residence to be searched. *See United States v. Broaden*, 116 F.3d [1486] (9th Cir. 1997) [(unpublished memorandum)]; *see also Lenz v. Windburn*, 51 F.3d 1540 (11th Cir. 1995); *United States v. Clutter*, 914 F.2d 775 (6th Cir. 1990).

Appellant's Brief at 14. In *Broaden* and *Clutter*, the defendant parents had left the minors in "exclusive control" of the residences, and no adult residents were home when the minors gave police permission to search. *See Broaden*, 116 F.3d 1486 (unpublished memorandum at 2); *Clutter*, 914 F.2d at 776-78. In *Lenz*, the Eleventh Circuit affirmed a grant of summary judgment against plaintiff grandparents who claimed the defendant social worker and guardian *ad litem* violated the grandparents' civil rights by retrieving their grandchild's belongings from the grandchild's room in the grandparents' house, where the grandchild was present and consented to the defendants' actions. *See Lenz*, 51 F.3d at 1543-44. The grandparents were also present and aware of the defendants' entry into their residence, though the parties disputed whether the grandparents had consented to the entry. *Id.*

burglary and criminal trespass lack arguable merit, trial counsel cannot have rendered ineffective assistance by not raising them on direct appeal.

We next turn to Appellant's sufficiency claim regarding unlawful contact. Appellant argues that while he was in M.M.'s bedroom, "[n]othing sexual occurred and nothing sexual was discussed." *Id.* at 16. Appellant maintains the Commonwealth therefore failed to establish that he "engaged in activity prohibited by [the unlawful contact statute] in relation to M.M."[4] *Id.*

The Commonwealth counters "that a conviction for unlawful contact does not require that the offender actually complete the underlying offense." Commonwealth Brief at 23 (citing *Commonwealth v. Evans*, 901 A.2d 528, 537 (Pa. Super. 2006) (rejecting the appellant's argument that "the [underlying] indecent assault must be carried out in order for the actor to have committed the unlawful contact offense. To the contrary, once the [a]ppellant intentionally contacts or communicates with the minor for the purpose of engaging in the prohibited activity[,] the crime of unlawful contact with a minor has been completed.")). The Commonwealth maintains it must establish only that "intentional communication with the minor was made for purposes of engaging in the prohibited unlawful activity." *Id.* The Commonwealth asserts that Appellant's sexual text messages to M.M., and his similar course of conduct with S.B. and K.W., sufficiently established that

_____

[4] Appellant does not challenge his convictions for unlawful contact with S.B. or K.W.

Appellant made contact with M.M. for the purpose of engaging in prohibited sexual activity. *Id.* at 23-24.

The Crimes Code defines unlawful contact with a minor as follows:

A person commits an offense if the person is intentionally in contact with a minor … for the purpose of engaging in an activity prohibited under any of the following provisions under this title, and either the person initiating the contact or the person being contacted is within this Commonwealth:

\*\*\*

(1.2) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S.A. § 6318.

As this Court has held,

[**i**]**n order to be convicted** [**of unlawful contact**] **under section 6318, a defendant does not have to be convicted of the underlying offense for which he contacted the minor.** *Commonwealth v. Reed*, 607 Pa. 629, 9 A.3d 1138 (2010). In other words, the offenses designated in sections 6318(a)(1)–(6) are not predicate offenses for the offense of unlawful contact with a minor. *Id.* Rather, a defendant is guilty under section 6318 if he or she *contacts* the minor for the purpose of engaging in the prohibited behaviors criminalized in Chapter 31 and 18 Pa.C.S.A. §§ 5901, 5902, 5903, 6312, and 6320 of the Crimes Code.

*Commonwealth v. Person*, 325 A.3d 823, 837 (Pa. Super. 2024) (quoting *Commonwealth v. Widmer*, 167 A.3d 78, 83 (Pa. Super. 2017)) (bold emphasis added; italic emphasis in original; brackets omitted); *see also Reed*, 9 A.3d at 1146 (holding a defendant "need not be separately charged

- 11 -

with a Chapter 31 offense" in order to be convicted of unlawfully contacting a minor for the purpose of engaging in a Chapter 31 offense).[5]

Instantly, the PCRA court determined Appellant's sufficiency claim regarding unlawful contact with M.M. lacked arguable merit. *See* PCRA Court Opinion, 4/15/24, at 18. The PCRA court set forth the following analysis:

> Notably, the jury heard testimony that [Appellant], then a legal adult, [sent text messages to] M.M., then a 14-year[-]old minor, [stating] "You don't want me," and "I could have been inside you," along with additional statements indicating his desire to have sex with her. N.T., 10/19-21/20, at 107, 121. [Appellant] made those statements on a night where he was also drinking alcohol and abusing prescription medications. *Id.* at 111, 120. [Appellant] then traveled to M.M.'s house, entered her second-story bedroom via the window, got into bed with M.M., and spent time talking with her before she fell asleep[;] then [Appellant] finally depart[ed] at some unknown point thereafter. Importantly, as discussed in *Reed*, *supra*, the crime of unlawful contact with a minor is completed when the contact is made, regardless of whether the sexual contact which is sought by the defendant occurs.
>
> Considering that evidence, alongside the evidence that the jury heard regarding both [Appellant's] actual conduct with the [two] other minor victims, and his common plan or scheme [to] manipulat[e] minors into having sexual contact with him, … there was sufficient evidence presented that [Appellant] committed the offense of unlawful contact with a minor [against] M.M. Specifically, it would be reasonable for a jury to infer that [Appellant], an adult who perpetrated sex acts upon two other minor victims via a common plan or scheme, communicated with M.M. for the purpose of engaging in unlawful sexual contact when he told her, among other things, "You don't want me," and "I could have been inside you." After making those statements to M.M., [Appellant] then surreptitiously entered her bedroom via a second-story window, [got] into bed with her[,] and stay[ed]

_____

[5] Appellant was neither charged with nor convicted of any Chapter 31 offense against M.M.

there until some point after she fell asleep. [*See*] *Reed*, *supra*; *see also Evans*, *supra* ([holding that] once the contact or communication for purpose of engaging in prohibited activity occurred, the crime of unlawful contact with a minor was complete). In this case, the jury found beyond a reasonable doubt that [Appellant] contacted M.M. [for the purpose of engaging in four Chapter 31 offenses: statutory sexual assault, involuntary deviate sexual intercourse, aggravated indecent assault, and indecent assault. *See* Verdict Slip, 10/22/20, at 16 (unpaginated)]. As such, [Appellant] failed to demonstrate that [his sufficiency claim] had arguable merit.

PCRA Court Opinion, 4/15/24, at 16-18 (footnotes omitted; record citations modified).

We agree with the PCRA court's analysis. We note that Appellant argues only that he did not commit any Chapter 31 offense against M.M.; he fails to argue that he did not contact M.M. for the purpose of engaging in activity prohibited under Chapter 31. *See* Appellant's Brief at 16. As discussed above, commission of the underlying offense is not a necessary element of unlawful contact. *See Person*, 325 A.3d at 837. Our review confirms that the evidence, viewed in the light most favorable to the Commonwealth, sufficiently established that Appellant contacted M.M. for the purpose of engaging in prohibited sexual activity. Appellant's sufficiency claim regarding unlawful contact with M.M. lacks arguable merit, and therefore trial counsel did not render ineffective assistance by failing to raise it on direct appeal.

Because Appellant fails to establish the arguable merit prong of the ineffectiveness test as to each of his sufficiency claims, his first issue merits no relief. *See Treiber*, 121 A.3d at 445.

In his second issue, Appellant argues trial counsel rendered ineffective assistance by failing to request a mistrial after the Commonwealth elicited testimony in which K.W. confirmed that she attempted suicide after Appellant sexually assaulted her. Appellant's Brief at 16 (citing N.T., 10/19-21/20, at 202). Appellant argues the testimony "was prejudicial to Appellant," and that after "the jury heard this information[, it] could no[] longer render a fair and just verdict." *Id.* at 20. Appellant further asserts that trial counsel's "rationale for failing to request a mistrial is flawed and not reasonable." *Id.* at 19.

The Commonwealth counters that trial counsel had a reasonable basis for not seeking a mistrial. Commonwealth Brief at 26. The Commonwealth further argues that Appellant suffered no prejudice from the testimony, as the trial court instructed the jury to disregard it, and "the law presumes the jury will follow the instructions of the court." *Id.* (quoting **Commonwealth v. Parker**, 957 A.2d 311, 319 (Pa. Super. 2008)).

> A motion for mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of the motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

**Commonwealth v. Cox**, 231 A.3d 1011, 1018 (Pa. Super. 2020) (citation omitted). This Court has observed that

> a mistrial is an extreme remedy only warranted when the prejudice to the movant cannot be ameliorated to ensure a fair trial. "A mistrial is not necessary where cautionary instructions

- 14 -

are adequate to overcome any possible prejudice." ***Commonwealth v. Cash***, 635 Pa. 451, 137 A.3d 1262, 1273 (2016) (citation omitted). Finally, juries are presumed to follow the trial court's cautionary instructions. ***Commonwealth v. Fletcher***, 41 A.3d 892, 896 (Pa. Super. 2012) (holding that a mistrial was properly denied when, during a two-day jury trial with multiple eyewitnesses, the Commonwealth asked an improper question on cross-examination and a cautionary instruction was issued).

***Commonwealth v. Risoldi***, 238 A.3d 434, 458 (Pa. Super. 2020).

Instantly, our review discloses that trial counsel cross-examined K.W. regarding some details of her trial testimony that she did not include in her initial written statement to police. N.T., 10/19-21/20, at 197-99. On redirect, the Commonwealth asked K.W. if Appellant's assault "cause[d] you any trauma in your life that affected your ability to tell the [police] officer everything [in the initial written statement]?" ***Id.*** at 201. K.W. answered affirmatively, saying, "I was pretty much terrified to go around men." ***Id.*** The Commonwealth then asked, "Did you attempt to kill yourself?" ***Id.*** at 202. K.W. said yes. ***Id.***

Trial counsel objected, arguing the testimony was "outside the scope" of redirect, and asserting trial counsel had received no notice of K.W.'s suicide attempt in pre-trial discovery. ***Id.*** The Commonwealth argued that trial counsel "opened the door" to the suicide attempt testimony by implying K.W.'s trial testimony was untruthful where she gave details not included in her initial written statement. ***Id.*** The Commonwealth conceded it did not specifically disclose K.W.'s suicide attempt in discovery, but argued Appellant knew about

the attempt and mentioned it in his own statement to police. *Id.* at 203, 209. The Commonwealth argued that "if [K.W.] was traumatized …, that would affect her ability to … tell all of the details in that first original statement." *Id.* Trial counsel maintained, "I think that's borderline mistrial," and indicated he needed some time to consider whether to move for a mistrial. *Id.* at 203, 204.

After a recess, trial counsel asked the trial court to instruct the jury to disregard the question and answer regarding K.W.'s suicide attempt. *Id.* at 207. Trial counsel stated on the record, "I'm not going to request a mistrial at this time, and I want to make a clear record as to why I am doing so just in case this comes up on appeal or PCRA." *Id.* at 206. Trial counsel explained his belief that the Commonwealth had failed to prove one count of burglary under section 3502(a)(1)(i) (a first-degree felony), with respect to M.M.'s residence. *Id.* The trial court had previously denied the Commonwealth's mid-trial motion to amend the charge to burglary under section 3502(a)(1)(ii) (a second-degree felony), because trial counsel had already questioned the witnesses with respect to the specific elements of section 3502(a)(1)(i).[6] ***See***

---

[6] Sections 3502(a)(1)(i) and (ii) are identical, with the exception that (i) requires proof of the additional element that the defendant "commits, attempts or threatens to commit a bodily injury crime" while in the building or occupied structure. 18 Pa.C.S.A. § 3502(a)(1). Appellant was not charged with committing, attempting, or threatening to commit any bodily injury crime while in M.M.'s residence.

*id.* at 173-74, 205. Trial counsel opined that, if a mistrial was granted, the Commonwealth would have an opportunity to amend the burglary charge and, in a retrial, Appellant would be "in greater danger and risk of exposure to conviction…." *Id.* at 206-07. Trial counsel maintained, "I think I would be actually on strong grounds to ask for a mistrial **if there were not strategic reasons to continue to push forward**…." *Id.* at 208-09 (emphasis added).

The trial court granted trial counsel's request for a curative instruction. The trial court told the jury that the discussion of K.W.'s suicide attempt "involved an improper topic for the trial issues in this case," and instructed the jury to "disregard the question and the answer and give that evidence no weight whatsoever. That should not be a factor in your deliberations." *Id.* at 210. As trial counsel expected, the jury ultimately acquitted Appellant of burglary under section 3502(a)(1)(i) with respect to M.M.'s residence. At the PCRA evidentiary hearing, trial counsel reiterated the same rationale for his decision not to request a mistrial. *See* N.T., 2/9/24, 15-16.

The PCRA court rejected Appellant's claim that trial counsel rendered ineffective assistance in declining to request a mistrial. *See* PCRA Court Opinion, 4/15/24, at 10-14. The PCRA court determined Appellant failed to establish the prejudice prong of the ineffectiveness test, opining that the trial court's curative instruction cured any potential prejudice, and that Appellant failed to demonstrate the outcome would have been different had trial counsel requested a mistrial. *Id.* at 14. The PCRA court further determined Appellant

failed to establish that trial counsel lacked a reasonable basis for not requesting a mistrial. *Id.* The PCRA court found trial counsel "clearly and credibly articulated a reasonable strategic basis for not requesting" a mistrial. *Id.* The PCRA court stated: "Notably, trial counsel was successful in securing a not guilty verdict on the improperly-charged burglary count involving M.M., which the Commonwealth could have corrected before retrial if the mistrial had been granted." *Id.*

We agree with the PCRA court that Appellant failed to establish the prejudice prong of the ineffectiveness test. We note that Appellant's brief makes only a conclusory argument that the suicide attempt testimony prejudiced him. *See* Appellant's Brief at 19-20. He does not specifically argue that the trial court's curative instruction was inadequate, or that the outcome would have been different had trial counsel requested a mistrial. *See id.* at 16-20. In short, Appellant identifies no grounds for this Court to disturb the PCRA's determination that Appellant failed to demonstrate prejudice.

We further agree with the PCRA court that Appellant failed to establish that trial counsel lacked a reasonable basis for not requesting a mistrial. Though he asserts trial counsel's strategy was flawed, Appellant fails to argue that he would not, in fact, have been convicted of an additional, amended burglary charge in the event of a retrial; nor does he argue that he would have been acquitted of any other charges in a retrial. *See id.* at 16-20. Our review confirms the PCRA court's conclusion that trial counsel articulated a

reasonable basis for not requesting a mistrial. For these reasons, Appellant's claim fails, and his second issue merits no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/10/2025